■       In the Matter of the Claim of ALICE F. REUTER, Respondent, v. BARBARA LUSTIBER, Doing Business as DEE DEE TRUCKING COMPANY, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed June 10, 1968. On September 11, 1965 Stuart Finch was killed in a highway accident while driving a tractor owned by Dee Dee Trucking Company and leased to Frontier Delivery, Inc. On October 22, 1965 claimant filed a claim on behalf of herself and her three minor children for death benefits against Dee Dee Trucking Company and Frontier Delivery, Inc. A notice of controversy was filed by both companies with Frontier Delivery, Inc., denying any employment relationship with the decedent, and Dee Dee Trucking Company alleging that the decedent was the true owner of Dee Dee Trucking Company and that he was not its employee. The board

found that "the documentary evidence of ownership of Dee Dee Trucking by Barbara Lustiber: — motor vehicle registration, lease agreements, withholding tax statement and Workmen's Compensation policy, renders the testimony of Barbara Lustiber that decedent operated the business, as incredible", and "that decedent was an employee of Barbara Lustiber d/b/a Dee Dee Trucking Co. on September 11, 1965". Appellants contend that the determination of the board is not founded on substantial evidence, and that the documents upon which the board based its determination are only an indicia of ownership which must be considered in the light of the entire record. Appellants further contend that the testimony of Barbara Lustiber to the effect that the decedent was actually the owner of Dee Dee Trucking Company together with the records of the decedent's 1963 bankruptcy proceeding clearly establish that the only reason her name was used as owner of the company was to allow the decedent to transfer some of his assets so that they would not be available to his creditors in the bankruptcy proceeding. While this inference might reasonably have been drawn by the board, the evidence in this record is such that conflicting inferences are possible, and in such cases the finding of the board prevails. (*Matter of Gordon* v. *New York Life Ins. Co.,* 300 N. Y. 652; *Matter of Curtis* v. *Decanzio,* 33 A D 2d 527.) Issues of fact involving contradictory evidence and the credibility of witnesses are for the board's determination. (*Matter of Gabriel* v. *Gabriel Constr. Corp.,* 32 A D 2d 600.) The documents relied on by the board constitute substantial evidence upon which the board could exercise its power to factually determine that the decedent was an employee of Dee Dee Trucking Company. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.